1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo Ramirez-Quintero, | No. CV-16-04085-PHX-DGC (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan; and the Attorney General of the State of Arizona, | |
| Respondents. | |

In 2002, a state court jury found Petitioner guilty on multiple counts of sexual activity with minors under the age of 14. He presently is confined in Arizona state prison serving a 174-year sentence. On November 28, 2016, he filed a pro se petition for writ of habeas corpus alleging four grounds for relief: prosecutorial misconduct, ineffective assistance of counsel, racial profiling, and due process and equal protection violations. Doc. 1.

Magistrate Judge John Z. Boyle has issued a Report and Recommendation (R&R) that the petition be denied as untimely. Doc. 16. Petitioner has filed an objection to the R&R, to which the State has responded. Docs. 17, 18. For reasons stated below, the Court will overrule the objection and accept Judge Boyle's recommendation.

**I. Statute of Limitations.**

Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 et seq. The AEDPA establishes a one-year statute of limitations for habeas petitions filed by state prisoners. § 2244(d)(1). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. § 2244(d)(1)(A). Statutory tolling of the limitation period is available for the time during which a properly filed application for post-conviction relief is pending. § 2244(d)(2). For equitable tolling to apply, the petitioner "must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In addition, an equitable exception to the limitation period applies if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

**II. The R&R and Petitioner's Objection.**

Judge Boyle found that the AEDPA's one-year limitation period began to run on June 15, 2005, after conclusion of Petitioner's post-conviction relief proceedings. Doc. 16 at 6. Judge Boyle further found that Petitioner's habeas petition is time barred because it was filed more than ten years late, Petitioner is not entitled to equitable tolling because he has shown no extraordinary circumstances, and he has presented no evidence of actual innocence. *Id.* at 6-10.

Petitioner has no objection to the R&R's background section or Judge Boyle's finding that the limitations period began to run on June 15, 2005. Doc. 17 at 1-2. Petitioner objects only to Judge Boyle's finding that equitable tolling is not warranted. *Id.* at 2. The Court will review this objection de novo, and adopt without further discussion the portions of the R&R to which Petitioner does not object. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**III. Discussion.**

Judge Boyle rejected Petitioner's assertion that he is entitled to equitable tolling due to his limited ability to speak and understand English and the lack of access to legal materials in Spanish. Doc. 16 at 7-9. Judge Boyle found that Petitioner failed to demonstrate diligence on his part and that his difficulties with the English language do not explain why the present petition was filed ten years late. *Id.* at 8. Petitioner objects to these findings for the reasons stated in his reply brief. Doc. 17 at 2. But as Respondents correctly note (Doc. 18 at 2), those arguments were fully addressed and rejected by Judge Boyle (Doc. 16 at 8-9).

In his reply brief, Petitioner cited *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), for the proposition that language difficulties may warrant equitable tolling. Doc. 15 at 2. As the R&R makes clear, however, there is no "per se rule that a petitioner's language limitations can justify equitable tolling." *Mendoza*, 449 F.3d at 1069. Instead, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070.

Judge Boyle considered *Mendoza* and similar cases cited by Petitioner in his reply brief, and found that he failed to show that he diligently sought to acquire legal materials or assistance to file the instant petition. Doc. 16 at 8-9 & n.4. Of particular note is the fact that Petitioner was able to file numerous motions in state court during 2014 and 2015, but did not file his habeas petition until late 2016. *Id.* at 9. Petitioner fails to explain why Judge Boyle's analysis is not well founded.

This Circuit has made clear that "equitable tolling is 'unavailable in most cases,' and is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted; emphasis in original). Indeed, "the threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the

rule." *Id.* The Court agrees with Judge Boyle that Petitioner has failed to meet this very high threshold and therefore is not entitled to equitable tolling. Doc. 16 at 9.

**IT IS ORDERED:**

1. Magistrate Judge John Z. Boyle's R&R (Doc.16) is **accepted**.
2. The petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.
3. A certificate of appealability is **denied**.
4. The Clerk is directed to terminate this action.

Dated this 28th day of September, 2017.

_____
David G. Campbell
United States District Judge